**BULOVA WATCH CO., Inc.**

v.

**WEINSTEIN et al.**

**Civ. No. 9838.**

United States District Court,
E. D. Michigan, S. D.
April 22, 1954.

156

Levin, Levin, Garvett & Dill, Morris Garvett, Detroit, Mich., for plaintiff.

Max M. Marston, Detroit, Mich., Joseph C. Murphy, Detroit, Mich., of counsel, for defendants.

THORNTON, District Judge.

This is an action commenced by the Bulova Watch Company, Inc. by the filing of a complaint on October 6, 1950. The plaintiff alleged in said complaint that defendants were violating the provisions of the fair-trade contract in existence between the plaintiff and a retail distributor of its watches in Michigan. Plaintiff alleges that it notified the four hundred and fifty retail jewelers in Michigan authorized to distribute its watches of said contract and sent them copies of the contract. Plaintiff alleges that defendants, who were not parties to any such contract, were sent such a copy but nevertheless offered for sale and sold plaintiff's watches at prices less than those stipulated in the fair-trade contract. Plaintiff prayed for injunctive relief. On the 20th day of October, 1950, this Court entered a "final order" based upon a stipulation submitted by the parties. The stipulation and order are as follows:

"Stipulation.

"It Is Hereby Stipulated and Agreed by and between the parties to the above entitled cause that:

"1. The defendants herein, Harry Weinstein, Fred Weinstein and Jack Weinstein, co-partners doing business as Weinstein Jewelers, do hereby recognize the established right of the plaintiff Bulova Watch Company, Inc., a New York corporation, to maintain minimum retail prices for the sale of its watches in accordance with the so-called 'Michigan Fair Trade Act', (Compiled Laws of 1948, § 445.151, et seq.; M.S.A. § 19.321, et seq.).

"2. The defendants, Harry Weinstein, Fred Weinstein and Jack Weinstein, will not sell the watches of the plaintiff at prices less than the minimum prices established by the plaintiff from time to time in accordance with the said Michigan Fair Trade Act.

"3. The watches of the plaintiff are in fair and open competition with the watches of the same general class produced by others and the minimum resale prices establishes by the plaintiff have been and are reasonable.

"4. In the event of any future violation by the defendants of the terms of paragraph 2 of this agreement and stipulation, the plaintiff shall be entitled to proceed against the defendants in this cause and to have such process issued against them herein as would be available to the plaintiffs had injunctive relief been granted in their favor against the defendants.

"5. Subject to the foregoing terms, further proceedings herein may be discontinued, without prejudice, however, to reopening in the event of a violation by defendants of the provisions of paragraph 2 hereof.

"6. No costs shall be awarded herein."

"Final Order.

"On reading and filing the stipulation of the parties herein and annexed hereto,

"It Is Hereby Ordered that:

"1. The said stipulation be approved;

"2. In the event the defendants violate the Agreement contained in paragraph 2 of said stipulation, the plaintiff may apply to this Court, in this cause, for such process to be issued against the defendants as may be within the jurisdiction of this Court;

"3. Subject to the foregoing, further proceedings herein be discontinued, without prejudice, however, to reopening as aforesaid in the event of the violation by defendants of the provisions of paragraph 2 of said stipulation;

"4. No costs be awarded herein."

Subsequently, in December of 1953, plaintiff filed a "Motion to Hold and Punish Defendants for Contempt and for Further Injunction" in which plaintiff alleged that defendants had violated the provisions of paragraph 2 of the stipulation and should be punished accordingly. At the hearing on the above motion defendants contended that they were not guilty of violating the order of the Court, as said order was merely an approval of the stipulation, and was not in itself prohibitory against any particular course of conduct. The Court entered a judgment finding the defendants not guilty of the alleged contempt. The plaintiff then requested that the Court issue its injunction as originally prayed for.

It is the propriety of such injunctive relief with which we are here concerned. Oral argument was had on this issue and briefs submitted by the respective parties. There appears to be agreement that for an injunction to issue here, the defendants must have some contractual relationship with the plaintiff. The Shakespeare case, Shakespeare Co. v. Lippman's Tool Shop Sporting Goods Company, 334 Mich. 109, 54 N.W.2d 268, decided June 27, 1952, is the pivotal discussion point. According to the plaintiff herein, the Shakespeare case held that "the defendant, being a non-signor, was not subject to the restraint sought to be imposed by the act," and upheld the decision of the trial court denying an injunction. Plaintiff does not contend that defendants signed the customary fair-trade contract which its many distributors have signed, but contends that the stipulation entered into between plaintiff and defendants in this case, on which the approval order of October 30, 1950, was predicated, in effect constitutes such a fair-trade agreement as to classify the defendants as signers within the purview of the Michigan Fair Trade Act and the Shakespeare case. With this theory we cannot agree for elementary reasons. The stipulation between the parties was entered into on the basis of the Fair Trade Act of Michigan. MSA 19.321 et seq. The stipulation of October 1950 specifically states that defendants would comply with the provisions of said Act. In June 1952 the Supreme Court of Michigan held in the Shakespeare case that the Act did not apply to non-signers. The Act, therefore, was inapplicable to defendants, defendants not being signers of a fair-trade agreement. The fact of having signed a stipulation to abide by the Act cannot conceivably, in our opinion, make defendants "signers" within the meaning of the Act and of the holding in the Shakespeare case.

In conclusion, we find that the defendants are non-signers within the purview of the Michigan Fair Trade Act, and of the Shakespeare decision, and that there is no basis for the issuance of an injunction against them.

An order may be entered accordingly.